UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAGDALINA KALINCHEVA M.D.,

Plaintiff,

v.

JESSE NEUBARTH,

Defendant.

No. 2:13-cv-1601 TLN DAD PS

FINDINGS AND RECOMMENDATIONS

Plaintiff, Magdalina Kalincheva, is proceeding in this action pro se.[1] This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)). See

---

[1] This action was transferred from the United States District Court for the Northern District of California to this court on July 30, 2013. (Doc. No. 14.)

1

1  also Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to
2  examine any application for leave to proceed in forma pauperis to determine whether the
3  proposed proceeding has merit and if it appears that the proceeding is without merit, the court is
4  bound to deny a motion seeking leave to proceed in forma pauperis.").  Moreover, the court must
5  dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or
6  if it is determined that the action is frivolous or malicious, fails to state a claim on which relief
7  may be granted, or seeks monetary relief against an immune defendant.  See 28 U.S.C. §
8  1915(e)(2).  A complaint is legally frivolous when it lacks an arguable basis in law or in fact.
9  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
10 Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous where it is based
11 on an indisputably meritless legal theory or where the factual contentions are clearly baseless.
12 Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

13          To state a claim on which relief may be granted, the plaintiff must allege "enough
14 facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550
15 U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court
16 accepts as true the material allegations in the complaint and construes the allegations in the light
17 most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg.
18 Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242,
19 1245 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by
20 lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true
21 conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western
22 Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

23          The minimum requirements for a civil complaint in federal court are as follows:

24          A pleading which sets forth a claim for relief . . . shall contain (1) a
            short and plain statement of the grounds upon which the court's
25          jurisdiction depends . . . , (2) a short and plain statement of the
            claim showing that the pleader is entitled to relief, and (3) a demand
26          for judgment for the relief the pleader seeks.

27 FED. R. CIV. P. 8(a).

28 /////

Here, plaintiff's complaint is deficient in several respects. First, the complaint before the court does not contain a short and plain statement of her claim showing that plaintiff is entitled to relief. In this regard, the allegations of plaintiff's complaint are vague, conclusory and largely incomprehensible. For example, in her complaint plaintiff alleges as follows:

> I am on Food Stamps case 2007381 as a result of: everything stolen from me by actual fraud, perjury, duress, shocking DISBELIEF-MURDER illegal divorce 244725 without my participation in wrong local non-jurisdictional court which did not consider Affidavit its purpose meaning power duties guarantee did not consider our marriage and my needs at all either as none of our documents were filed with it 1992 . . . .

(Compl. (Doc. No. 1) at 6.)

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. FED. R. CIV. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557. A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

Moreover, it appears that the thrust of plaintiff's complaint is her allegation that defendant Neubarth signed an immigration form imposing on the defendant certain financial obligations and guaranteeing that he would provide plaintiff with a certain level of financial support. (Compl. (Doc. No. 1) at 10.) Attached to plaintiff's complaint is a Form I-134 apparently completed by the defendant.[2] (Doc. No. 1-4 at 3.) The Form I-134, however, does not create legally enforceable contractual obligations. See Cobb v. Cobb, No. 1:12-cv-00875-LJO-

---

[2] Although plaintiff's complaint repeatedly refers to Form I-864, plaintiff also alleges that defendant Neubarth signed the form in 1991. (Compl. (Doc. No. 1) at 5.) Form I-864 was created pursuant to the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") and thus could not have been the form signed by defendant Neubarth in 1991 because that form did not exist at that time. Rather, it is clear that defendant Neubarth could only have signed the Form I-134.

1  SKO, 2012 WL 2620524, at *3 (E.D. Cal. July 5, 2012) (quoting Tornheim v. Kohn, No. 00 CV
2  5084 (SJ), 2002 WL 482534, at *4 (E.D. N.Y. Mar. 26, 2002)); see also Cheshire v. Cheshire,
3  No. 3:05-cv-00453-TJC-MCR, 2006 WL 1208010, at *2 (M.D. Fla. May 4, 2006) ("federal
4  courts have consistently found that Form I-134 is not a legally enforceable contract against a
5  sponsor by a sponsored immigrant").

6  Finally, "[r]es judicata bars a suit when 'a final judgment on the merits of an
7  action precludes the parties or their privies from relitigating issues that were or could have been
8  raised in that action.'" ProShipLine Inc. v. Aspen Infrastructures Ltd., 609 F.3d 960, 968 (9th
9  Cir. 2010) (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)).  See also In re Schwartz, 409
10 B.R. at 248 (claim of contract based on Form I-864 Affidavit of Support brought after divorce
11 proceedings barred by Rooker-Feldman or res judicata).  Res judicata is applicable "when there is
12 '(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between
13 parties.'" ProShipLine Inc., 609 F.3d at 968 (quoting Stewart v. U.S. Bancorp, 297 F.3d 953, 956
14 (9th Cir. 2002)).

15 This court takes judicial notice of plaintiff's earlier filed civil action entitled
16 Magdalina Kalincheva v. Jesse Neubarth, 2:12-cv-2231 JAM DAD PS (E.D. Cal.).[3] Plaintiff
17 raised essentially the same allegations against defendant Neubarth in that action as she does in
18 this action.[4]  Moreover, in that prior action the undersigned issued findings and recommendations,
19 recommending that plaintiff's complaint be dismissed without leave to amend for failure to state a
20 claim upon which relief could be granted.  Those findings and recommendations were adopted by
21 the assigned District Judge.  Such a dismissal constitutes a final judgment on the merits to which
22 res judicata applies.  See Federated Dep't Stores v. Moitie, 452 U.S. 394, 399 n.3 (1981); Stewart

---

[3] A court may take judicial notice of its own files and documents.  See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

[4] The court also observes that plaintiff filed this more recent action in the U.S. District Court for the Northern District of California and that court was required to transfer the action to this court where venue was proper.  Thus, it appears that plaintiff may well have been attempting to somehow avoid the binding impact of the final judgment on the merits issued in connection with her earlier filed case by seeking relief from a different District Court.

v. U.S. Bancorp, 297 F.3d 953, 957 (9th Cir. 2002).  Thus, the undersigned also finds that res judicata bars this action.

For all the reasons set forth above, plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted.

The undersigned has carefully considered whether plaintiff may amend her pleading to state a claim upon which relief can be granted.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). In light of the obvious deficiencies of the complaint filed by plaintiff in this action as noted above, the court finds that it would be futile to grant plaintiff leave to amend.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's July 11, 2013 application to proceed in forma pauperis (Doc. No. 13) be denied;

2. Plaintiff's July 11, 2013 complaint be dismissed without leave to amend; and

3. This action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 1, 2013

DAD:6
Ddad1\orders.pro se\kalincheva1601.ifp.den.f&rs

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

5