1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MAGDALINA KALINCHEVA M.D.,                    No.  2:13-cv-1601 TLN DAD PS

12                    Plaintiff,

13          v.                                       FINDINGS AND RECOMMENDATIONS

14    JESSE NEUBARTH,

15                    Defendant.

16

17          Plaintiff, Magdalina Kalincheva, is proceeding in this action pro se.[1]  This matter

18    was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. §

19    636(b)(1).  Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. §

20    1915.

21          Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C.

22    § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma pauperis

23    status does not complete the inquiry required by the statute.  "'A district court may deny leave to

24    proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that

25    the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th

26    Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)).  See

27    ─────────────────────

28    [1]  This action was transferred from the United States District Court for the Northern District of
California to this court on July 30, 2013.  (Doc. No. 14.)

                                                   1

1  also Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to

2  examine any application for leave to proceed in forma pauperis to determine whether the

3  proposed proceeding has merit and if it appears that the proceeding is without merit, the court is

4  bound to deny a motion seeking leave to proceed in forma pauperis."). Moreover, the court must

5  dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or

6  if it is determined that the action is frivolous or malicious, fails to state a claim on which relief

7  may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. §

8  1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact.

9  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

10  Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based

11  on an indisputably meritless legal theory or where the factual contentions are clearly baseless.

12  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

13  To state a claim on which relief may be granted, the plaintiff must allege "enough

14  facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550

15  U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court

16  accepts as true the material allegations in the complaint and construes the allegations in the light

17  most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg.

18  Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242,

19  1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by

20  lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true

21  conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western

22  Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

23  The minimum requirements for a civil complaint in federal court are as follows:

24  A pleading which sets forth a claim for relief . . . shall contain (1) a
   short and plain statement of the grounds upon which the court's
25  jurisdiction depends . . . , (2) a short and plain statement of the
   claim showing that the pleader is entitled to relief, and (3) a demand
26  for judgment for the relief the pleader seeks.

27  FED. R. CIV. P. 8(a).

28  /////

2

1    Here, plaintiff's complaint is deficient in several respects.  First, the complaint

2    before the court does not contain a short and plain statement of her claim showing that plaintiff is

3    entitled to relief.  In this regard, the allegations of plaintiff's complaint are vague, conclusory and

4    largely incomprehensible.  For example, in her complaint plaintiff alleges as follows:

5
> I am on Food Stamps case 2007381 as a result of: everything stolen
6
> from me by actual fraud, perjury, duress, shocking DISBELIEF-
> MURDER illegal divorce 244725 without my participation in
7
> wrong local non-jurisdictional court which did not consider
> Affidavit its purpose meaning power duties guarantee did not
8
> consider our marriage and my needs at all either as none of our
> documents were filed with it 1992 . . . .

9    (Compl. (Doc. No. 1) at 6.)

10    Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a

11    complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that

12    state the elements of each claim plainly and succinctly.  FED. R. CIV. P. 8(a)(2); Jones v.

13    Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels

14    and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor

15    does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

16    enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555,

17    557.  A plaintiff must allege with at least some degree of particularity overt acts which the

18    defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

19    Moreover, it appears that the thrust of plaintiff's complaint is her allegation that

20    defendant Neubarth signed an immigration form imposing on the defendant certain financial

21    obligations and guaranteeing that he would provide plaintiff with a certain level of financial

22    support.  (Compl. (Doc. No. 1) at 10.)  Attached to plaintiff's complaint is a Form I-134

23    apparently completed by the defendant.[2]  (Doc. No. 1-4 at 3.)  The Form I-134, however, does not

24    create legally enforceable contractual obligations.  See Cobb v. Cobb, No. 1:12-cv-00875-LJO-

25    _____
    [2]  Although plaintiff's complaint repeatedly refers to Form I-864, plaintiff also alleges that
26    defendant Neubarth signed the form in 1991.  (Compl. (Doc. No. 1) at 5.)  Form I-864 was
    created pursuant to the Illegal Immigration Reform and Immigrant Responsibility Act of 1996
27    ("IIRIRA") and thus could not have been the form signed by defendant Neubarth in 1991 because
    that form did not exist at that time.  Rather, it is clear that defendant Neubarth could only have
28    signed the Form I-134.

1   SKO, 2012 WL 2620524, at *3 (E.D. Cal. July 5, 2012) (quoting Tornheim v. Kohn, No. 00 CV

2   5084 (SJ), 2002 WL 482534, at *4 (E.D. N.Y. Mar. 26, 2002)); see also Cheshire v. Cheshire,

3   No. 3:05-cv-00453-TJC-MCR, 2006 WL 1208010, at *2 (M.D. Fla. May 4, 2006) ("federal

4   courts have consistently found that Form I-134 is not a legally enforceable contract against a

5   sponsor by a sponsored immigrant").

6          Finally, "[r]es judicata bars a suit when 'a final judgment on the merits of an

7   action precludes the parties or their privies from relitigating issues that were or could have been

8   raised in that action.'" ProShipLine Inc. v. Aspen Infrastructures Ltd., 609 F.3d 960, 968 (9th

9   Cir. 2010) (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)). See also In re Schwartz, 409

10  B.R. at 248 (claim of contract based on Form I-864 Affidavit of Support brought after divorce

11  proceedings barred by Rooker-Feldman or res judicata). Res judicata is applicable "when there is

12  '(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between

13  parties.'" ProShipLine Inc., 609 F.3d at 968 (quoting Stewart v. U.S. Bancorp, 297 F.3d 953, 956

14  (9th Cir. 2002)).

15          This court takes judicial notice of plaintiff's earlier filed civil action entitled

16  Magdalina Kalincheva v. Jesse Neubarth, 2:12-cv-2231 JAM DAD PS (E.D. Cal.).[3] Plaintiff

17  raised essentially the same allegations against defendant Neubarth in that action as she does in

18  this action.[4] Moreover, in that prior action the undersigned issued findings and recommendations,

19  recommending that plaintiff's complaint be dismissed without leave to amend for failure to state a

20  claim upon which relief could be granted. Those findings and recommendations were adopted by

21  the assigned District Judge. Such a dismissal constitutes a final judgment on the merits to which

22  res judicata applies. See Federated Dep't Stores v. Moitie, 452 U.S. 394, 399 n.3 (1981); Stewart

23  ─────────────────────

24  [3] A court may take judicial notice of its own files and documents. See Reyn's Pasta Bella, LLC
    v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006); MGIC Indem. Corp. v. Weisman, 803

25  F.2d 500, 504 (9th Cir. 1986).

26  [4] The court also observes that plaintiff filed this more recent action in the U.S. District Court for
    the Northern District of California and that court was required to transfer the action to this court

27  where venue was proper. Thus, it appears that plaintiff may well have been attempting to
    somehow avoid the binding impact of the final judgment on the merits issued in connection with

28  her earlier filed case by seeking relief from a different District Court.

1    v. U.S. Bancorp, 297 F.3d 953, 957 (9th Cir. 2002).  Thus, the undersigned also finds that res

2    judicata bars this action.

3           For all the reasons set forth above, plaintiff's complaint should be dismissed for

4    failure to state a claim upon which relief can be granted.

5           The undersigned has carefully considered whether plaintiff may amend her

6    pleading to state a claim upon which relief can be granted.  "Valid reasons for denying leave to

7    amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg.

8    Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake

9    Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that

10   while leave to amend shall be freely given, the court does not have to allow futile amendments).

11   In light of the obvious deficiencies of the complaint filed by plaintiff in this action as noted

12   above, the court finds that it would be futile to grant plaintiff leave to amend.

13           Accordingly, IT IS HEREBY RECOMMENDED that:

14           1. Plaintiff's July 11, 2013 application to proceed in forma pauperis (Doc. No. 13)

15   be denied;

16           2. Plaintiff's July 11, 2013 complaint be dismissed without leave to amend; and

17           3. This action be dismissed.

18           These findings and recommendations will be submitted to the United States

19   District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within

20   fourteen (14) days after being served with these findings and recommendations, plaintiff may file

21   written objections with the court.  A document containing objections should be titled "Objections

22   to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

23   objections within the specified time may, under certain circumstances, waive the right to appeal

24   the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

25   Dated:  October 1, 2013

26

27   DAD:6
     Ddad1\orders.pro se\kalincheva1601.ifp.den.f&rs

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

28

5